# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SKYLER CHANDLER, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>LOUISIANA-PACIFIC CORPORATION, )<br>    Defendant. ) | CIVIL ACTION: 1:21-00341-KD-C |

## ORDER

This matter is before the Court on Plaintiff's motion to continue the pretrial deadlines pending a ruling on a summary judgment in another case, Williams et al v. Louisiana-Pacific Corp., CV 1:21-00063-C (SDAL); or alternatively, to postpone unexpired deadlines 90 days. (Doc. 59).

As grounds, Plaintiff asserts that he is one of seven employees who filed suit against the Defendant in the SDAL, alleging that the Defendant subjected him to unlawful discrimination, race-related retaliation, or both between Summer of 2019 and Spring of 2020. Plaintiff references the case history in the Williams case, *supra*; namely, that U.S. District Judge Beaverstock consolidated the other six employees into one action and continued pretrial deadlines pending a ruling as to whether the claims of Kelvin Lewis and Brian Williams survive summary judgment. Per Plaintiff, if Lewis' race-based retaliation claims survive summary judgment, he intends to move to consolidate his race-based Title VII/Section retaliation claims in this case with the Williams case, opting for a bench trial on his ADA disability claims.

Federal Rule of Civil Procedure Rule 42 governs consolidation and provides as follows:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
>     **(1)** join for hearing or trial any or all matters at issue in the actions;
>     **(2)** consolidate the actions; or
>     **(3)** issue any other orders to avoid unnecessary cost or delay.

1

> **(b) Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

As further explained by the Eleventh Circuit in Blitz Telecom Consulting, LLC v. Peerless Network, Inc., 727 Fed. Appx. 562, 570 (11th Cir. 2018):

> Rule 42(a) codifies the district court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal citations omitted). A trial court's decision to consolidate suits is discretionary. *Id.*
>
> When deciding if separate lawsuits should be consolidated into a single action, a trial court weighs several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

Upon consideration of the Rule 42 factors, consolidation is not merited. In this case, Plaintiff's remaining claims consist of the following: 1) ADA disparate treatment disability discrimination (Count I); 2) ADA retaliation (Count II); and 3) Title VII/Section 1981 retaliation (opposing racial discrimination) (Count IV). Specifically, concerning ADA discrimination, Chandler alleges he was subjected to ADA disparate treatment discrimination due to his disabilities because: 1) LP placed him on "forced" leave from December 2019-January 2020 and February-July 2020; 2) LP terminated his employment in July 2020; and 3) LP refused to rehire him for positions for which he applied and was qualified. (Doc. 2 at 17). Regarding ADA retaliation, Chandler alleges that he engaged in the following statutorily protected activity in response to which the Defendant retaliated against him: 1) in December 2019 when he requested a reasonable accommodation; 2) in January 2020 when he complained to Phares about Green disclosing his

confidential health information; and 3) in April 2020 when he sent texts to Phares complaining about "ADA violations." (Doc. 2 at 17-19). Concerning Title VII/Section 1981 retaliation, Chandler alleges that he engaged in the following statutorily protected activity in response to which the Defendant retaliated against him: 1) he opposed race discrimination in Greene's office in August/September 2019 (Doc. 2 at 5-6); 2) he reported race discrimination to Phares in September 2019; and 3) he sent April 2020 texts in which he "reiterated" concerns about racism. (Id. at 20-21).  Plaintiff's allegations in support of his claims actually underscore how they are factually distinct and hinge on *his* specific experiences and thus, are only applicable to him.

Moreover, as a whole, Plaintiff's claims are distinct from those of the plaintiffs in Williams. Plaintiff acknowledges as much as he "recognizes these claims fall under a different statutory scheme and arise out of a few factual scenarios unique to him." (Doc. 59 at 5).  As illustration, unlike the plaintiffs in Williams: 1) Plaintiff does not assert a claim a Title VII/Section 1981 race discrimination claim; 2) Plaintiff asserts ADA claims, whereas no such claims exist in Williams; and 3) Plaintiff's retaliation claims are rooted in "factual scenarios unique to him[]" and are thus irrelevant to the retaliation claims in Williams which are based on *those* plaintiff's experiences.

As such, it is **ORDERED** that Plaintiff's motion (Doc. 59) is **DENIED.**

**DONE** and **ORDERED** this the **10th** day of **November 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**